UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANCHAZ HAROLD | CIVIL ACTION |
| VERSUS | NO. 16-13041 |
| JOSH GOFF, ET AL. | SECTION: "A"(3) |

### REPORT AND RECOMMENDATION

Plaintiff, Sanchaz Harold, a state prisoner, brought this civil action asserting both federal and state law claims against Josh Goff, Tim Knight, James M. LeBlanc, Keith Bickham, and Beverly Kelly. Plaintiff's federal claims are asserted pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984).

### Plaintiff's Allegations

In his original complaint, plaintiff stated his claims as follows:

> On 9/17/15 at approximately 12:45 p.m. I completed a telemedicine conference held in Mrs. Temple office. Upon exiting Mrs. Temple's office I notice Nurse Josh Goff "LPN" standing in the main hallway just pass the doorway to Dr. Mc.Vea's offenders examination room. I asked Nurse Josh whether he could spare

> me a few minutes of his time so that I could present an issue concerning my medication. Nurse Josh stated, "Sure, what's up." I then approached him to present my concernings at which time he stated, "What's up with your belt." I asked Nurse Josh, "What do you mean" at which time he stated, "The end of it is crooked." I then released the overhang of my belt and explained to Nurse Josh that I had to cut some of the length of my belt off because it was made to long. While replacing the overhang of my belt back in my pants loops Nurse Josh physically grabbed me by both of my forearms in the front and jerked me toward him while a second set of hands grabbed me by my shoulders from behind and both individuals started hunching me with such force that it caused me to bounce back and forth between their bodies. Once they finished conducting such action and I was released from their grasps I then noticed that the second set of hands belonged to Sgt. Tim Knight. I informed both individuals that I was going to report them to an ranking officer to which I did, Lt. Walter Miller who told me that such actions to which I described to him was an allegation of a violation of PREA and that he would need me to write a statement with the exact details of the incident and give it to him, to which I did. Lt. Walter Miller then turned the matter in to Major Darryl Mizell, who is over the investigation department, to be investigation.[1]

Plaintiff also attached to his complaint a copy of the final response he received to his related administrative grievance. In pertinent part, that response stated:

> Your allegations have been considered. Upon receipt of your Request to Proceed to Step Two, this office requested and received a copy of the PREA Investigation which was conducted in accordance with PREA guidelines. This investigation resulted in negative findings as your allegations were unsubstantiated for sexual abuse. However, it was found that you were exposed to "horseplay." It is with regret that this incident occurred. The staff of RCC does not deny the incident, only that they concede this will not happen again and that the officers involved were counselled. As such, this office finds no further investigation is warranted.[2]

In an amended complaint, plaintiff then added LeBlanc, Bickham, and Kelly as defendants, stating their actions or inactions constituted a "failure to protect the safety and wellbeings of plaintiff, failure to act by not remediating the plaintiff's complaint when learned that a violation of plaintiff's constitutional rights had occurred, and negligence."[3]

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 1, p. 7.
[3] Rec. Doc. 7, p. 3.

Plaintiff notes that he "seeks to sue all defendants in their individual and official capacities."[4]

## **Motion to Dismiss**

The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5]  Plaintiff has opposed that motion.[6]

It is clear that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted).  Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citation, footnote, and quotation marks omitted).  On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

---

[4] Rec. Doc. 7, p. 3.
[5] Rec. Doc. 23.
[6] Rec. Doc. 30.

unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

For the following reasons, the undersigned recommends that the defendants' motion to dismiss be granted.

As a preliminary matter, the Court notes that plaintiff's claims for monetary damages brought against the defendants in their official capacities must clearly be dismissed. The defendants are state employees working at either the Louisiana Department of Public Safety and Corrections or the B.B. "Sixty" Rayburn Correctional Center, a prison operated by that department. See, e.g., Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008). State employees sued in their official capacities for monetary damages simply are not considered "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F. Supp. 2d 476, 479 (E.D. La. 2007); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *4 (E.D. La. Jan. 21, 2010); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet, 2008 WL 2018294, at *3.

Moreover, in any event, regardless of the capacities in which they are sued or the nature of the relief sought, it is clear that the underlying federal claims against the defendants are subject to dismissal on the merits for the following additional reasons.

The claims against Goff and Knight are obviously the most troubling. Despite their inappropriately dismissive characterization of the underlying event as "horseplay,"[7] even the state officials acknowledged in their response to plaintiff's grievance that the actions of Goff and Knight were improper. That can hardly be questioned. The actions of Goff and Knight were unprofessional, and such actions obviously have no place in a prison setting where inmates have no ability to protect themselves against such unwanted physical interactions at the hands of prison personnel without risking serious disciplinary consequences – or worse.

Nevertheless, simply because actions were distasteful and brutish does not mean that they rose to the level of cruel and unusual punishment in violation of the Eighth Amendment. Although the United States Supreme Court has held that the Eighth Amendment can be violated when "prison officials maliciously and sadistically use force to cause harm," the Court expressly cautioned:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. See Johnson v. Glick, 481 F.2d [1028, 1033, (2nd Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (citations and quotation marks omitted). Here, even accepting plaintiff's allegations as true and viewing them in the light most favorable to him, the Court finds that the actions of Goff and Knight amounted to nothing more than a *de minimis* use of physical force. Moreover, although that use of force was juvenile, it was not of a sort so

---

[7] "Horseplay" suggests that all involved were willing participants in the event, which clearly was not the case here. Goff and Knight were not playing with plaintiff, they were bullying him.

egregious that it was "repugnant to the conscience of mankind." Therefore, the Eighth Amendment simply was not implicated.

Further, plaintiff's attempt to characterize this incident as a form of sexual assault or harassment does not dictate a different outcome. On the contrary, as the United States Fifth Circuit Court of Appeals has noted:

> While violent sexual assaults involving more than *de minimis* force are actionable under the Eighth Amendment, see Schwenk [v. Hartford, 204 F.3d 1187, 1195 & 1197 (9th Cir. 2000)], isolated, unwanted touchings by prison employees, though "despicable and, if true, they may potentially be the basis of state tort actions ... they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." Boddie v. Schneider, 105 F.3d 857, 860-61 (2d Cir. 1997) (female guard sexually brushed against inmate on multiple occasions).

Copeland v. Nunan, No. 00-20063, 2001 WL 274738, at *3 (5th Cir. Feb. 21, 2001); accord Preyer v. Walker, 385 Fed. App'x 417 (5th Cir. 2010); Allen v. Johnson, No. 02-31019, 2003 WL 21017401 (5th Cir. Apr. 15, 2003); Harold v. LeBlanc, Civ. Action No. 11-cv-1744, 2014 WL 2611725, at *3-4 (W.D. La. June 11, 2014); Ware v. Tanner, Civ. Action No. 12-2250, 2013 WL 5589506, at *6-7 (E.D. La. Oct. 10, 2013). Even if this incident had sexual overtones, it was a *de minimis* use of force and an isolated event.

The result likewise is not changed by plaintiff's allegation that the officers' conduct violated the Prison Rape Elimination Act of 2003 ("PREA"). Even if the conduct did violate that statute, which is an issue the undersigned need not and does not reach, plaintiff's claim would not be actionable because the PREA simply does not establish a private cause of action. Kreig v. Steele, 599 Fed. App'x 231, 232 (5th Cir. 2015); Carey v. Richie, Case No. 2:16-CV-599, 2016 WL 3982322 (M.D. Ala. July 22, 2016); Roman Simon v. McMahon, No. ED CV 16-2007, 2016 WL 6068105, at *2 (C.D. Cal. Oct. 13, 2016); Williams v. Cooper, Case No. 16-cv-0519, 2016

WL 3387843, at *4 (S.D. Ill. June 20, 2016); Fenlon v. Peters, No. 6:15-cv-397, 2015 WL 5032042, at *2 (D. Ore. Aug. 25, 2015).

For all of these reasons, plaintiff's federal claims against Josh Goff and Tim Knight must be dismissed. Moreover, for the following reasons, plaintiff's federal claims against James M. LeBlanc, Keith Bickham, and Beverly Kelly fare no better.

Because there was no underlying constitutional violation committed by Goff and Knight, any federal claims against LeBlanc, Bickham, and Kelley in their individual capacities for their own actions or inactions *prior to* the incident which may have encouraged (or at least failed to prevent) the behavior of Goff and Knight necessarily fail. See, e.g., Whitley v. Hanna, 726 F.3d 631, 648 (5th Cir. 2013) ("All of Whitley's inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation."); Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-1263, 2014 WL 7139636, at *5 (E.D. La. Dec. 14, 2015); Wallack v. Jackson County, Mississippi, Civil Action No. 1:13cv103, 2014 WL 2154202, at *8 (S.D. Miss. May 22, 2014); Kennedy v. City of Shreveport, Civ. Action No. 07-1049, 2008 WL 2437043, at *6 (W.D. La. June 13, 2008).

To the extent that plaintiff is alleging that LeBlanc, Bickham, and Kelley violated his constitutional rights by failing to respond adequately to his complaint *after* the incident, those claims are not cognizable. Simply put, inmates have no constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their satisfaction. Bonneville v. Basse, 536 Fed. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *5

(E.D. La. Mar. 8, 2010); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug. 25, 2009); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

Lastly, to the extent that plaintiff is asserting claims against the defendants under *state* law, the Court should decline to consider any state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, he should do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendants' motion to dismiss, Rec., Doc. 23, be **GRANTED**.

It is **FURTHER RECOMMENDED** that plaintiff's federal claims be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of December, 2016.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**